UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **MELISSA SEPULVADO** | **CASE NO. 5:22-CV-00002** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **FAMILY DOLLAR LA L L C ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Pending before the Court is a Motion for Summary Judgment [Doc. No. 22] filed by Defendants Family Dollar LA., LLC, and Family Dollar Stores of Louisiana ("Family Dollar"). The motion is unopposed.

For the reasons set forth herein, Family Dollar's Motion for Summary Judgment is **GRANTED**.

**I.    BACKGROUND**

This is a slip-and-fall case arising out of a March 20, 2020, incident where Melissa Sepulvado ("Sepulvado") allegedly fell at a Family Dollar store located in Zwolle, Louisiana. In Sepulvado's deposition[1] Sepulvado testified that she left some items at the checkout counter and walked to where the Dr. Pepper cans were located.[2] She picked up two twelve packs of Dr. Pepper, turned to walk back to the counter, took one or two steps, and slipped and fell.[3] Sepulvado did not see any substance on the floor before she fell.[4] The only moisture she saw after she fell was a five-inch slip mark where her foot had slipped. The slip mark did not appear dirty and was wiped up with some paper towels by the manager.[5]

---

[1] [Do. No. 22-3] (Deposition of Melissa Sepulvado)
[2] Id at pp. 52-53
[3] Id at pp. 40-42
[4] Id at pp. 43-46
[5] Id at pp. 46, 64

Sepulvado fell in an area where she had seen milk crates stacked when she first walked into the store.[6] She did not know where the moisture came from.[7] Additionally, Sepulvado did not know what she slipped in, how long it had been on the floor when she slipped in it, how the moisture came to be on the floor, and whether the condition had been caused by any Family Dollar employee.[8]

In its motion, Family Dollar maintains Sepulvado is unable to prove Family Dollar either created or had actual or constructive notice of the condition prior to the occurrence.

## II.  APPLICABLE LAW

### A.  Motion for Summary Judgment

Summary judgment shall [be] grant[ed] … if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(A). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in this case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court

---

[6] Id pp. 51-52
[7] Id p. 50
[8] Id pp. 53-55

must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 fn.3 (5th Cir. 1995). The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed. *Powell v. Delaney*, 2001 WL 1910556, at 5-6 (W.D. Tex. June 14, 2001). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id*. at 1 and n.2; see also *Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed). See also: *UNUM Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex.) ("A summary judgment nonmovant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence.").

The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

### B. Louisiana Merchant Liability Act R.S. 9:2800.6

Sepulvado's claims fall under the Louisiana Merchant Liability Act, which states:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors

in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.

The statute requires the plaintiff to prove: (1) there was a condition that presented an unreasonable risk of harm; (2) the merchant either created the condition or had actual or constructive notice of

the condition; and (3) the merchant failed to exercise reasonable care. If the plaintiff fails to prove any one of those three elements, the merchant is not liable. *White v. Wal-Mart Stores, Inc.,* 699 So.2d 1081, 1084 (La. 1997).

When a plaintiff relies on constructive notice under R.S. 9:2800.6(B)(2), she must come forth with positive evidence showing that the damage-causing condition existed for some period of time and that such time was sufficient to place the merchant on notice of its existence. The statute does not allow for the inference of constructive notice absent some showing of this temporal element. *Id* at 1084.

Mere speculation or suggestion is not sufficient to meet this burden and courts will not infer constructive notice for the purposes of summary judgment where the plaintiff's allegations are no more likely than any other potential scenario. *Prudhomme v. Wal-Mart Stores, Inc.,* 2019 WL 81611 (W.D. La. 1/2/2019).

### III. ANALYSIS

Sepulvado relies on constructive knowledge in this case, but has presented no evidence that Family Dollar either created or had actual or constructive knowledge of the alleged spill. Because Sepulvado is unable to prove Family Dollar created or had actual or constructive knowledge of the alleged condition, her claim against Family Dollar fails.

### IV. CONCLUSION

For the reasons set forth herein,

Family Dollar's Motion for Summary Judgment [Doc. No. 22] is **GRANTED**.

MONROE, LOUISIANA, this 13th day of March 2023.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**